**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50365 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00143-RGK-1 |
| v. | |
| ATORBE AARON ISIBOR, AKA Solomon Okuonghae, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Atorbe Aaron Isibor appeals pro se from the district court's order denying

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We

have jurisdiction under 28 U.S.C. § 1291.  We review for abuse of discretion, *see*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Isibor's request for oral argument is denied.

*United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), and we affirm.

Isibor argues that the district court abused its discretion by concluding that his medical conditions did not provide a basis for relief, and by relying on the nature of his offense rather than his rehabilitative efforts and other mitigating circumstances. We disagree. The court acknowledged that Isibor's medical conditions were "not insignificant," but reasonably concluded that they were not serious enough to justify release, given the circumstances at his prison and the fact that only one of his conditions subjected him to a potentially greater risk from COVID-19. Moreover, the court did not abuse its discretion in weighing the 18 U.S.C. § 3553(a) factors and concluding that, given the nature and scope of Isibor's offense, as well as his criminal history, release was not warranted. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record); *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Finally, contrary to Isibor's contention, there is no indication in the record that the district court impermissibly treated U.S.S.G. § 1B1.13 as binding. *See Aruda*, 993 F.3d at 802.

**AFFIRMED.**

20-50365